MARQUIS F. DICKINSON *vs.* INHABITANTS OF BROOKLINE.

Norfolk.    March 5, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Tax,* Domicil.

One who lets his house in the town of his domicil for several successive years and
establishes himself with his family in what appears to be a permanent residence
in another town, and intends to go on living in the same way, cannot retain his
former domicil merely by desiring to do so and continuing to vote there, without
any actual intention of living there again.

CONTRACT for taxes for the year 1899, paid under protest on
the ground that the plaintiff was not an inhabitant of Brookline
on May 1 of that year.    Writ dated April 21, 1900.

In the Superior Court *Stevens,* J. refused to order a verdict
for the plaintiff and submitted the case to the jury, who re-
turned a verdict for the defendant; and the plaintiff alleged
exceptions.

*W. B. Farr,* for the plaintiff.

*C. A. Williams,* for the defendant, submitted a brief.

HOLMES, C. J.    This case comes here upon exceptions to a re-
fusal to direct a verdict for the plaintiff.    The technical answer
to such a request is obvious, that the jury may not believe the
plaintiff's testimony.    But in this case the testimony, which
came wholly from the plaintiff himself, was so perfectly candid
that the counsel for the defendant very properly did not rely
upon a merely technical answer but argued that the plaintiff's
statement at least was consistent with the verdict for the de-
fendant, and that the refusal of the ruling was right on that
ground.

It is an action to recover taxes paid under protest, on the
ground that the plaintiff was not an inhabitant of Brookline on
May 1, 1899, the date of the assessment.    The facts are simple.
The plaintiff was domiciled in Boston.    In or before April, 1890,
he probably changed his domicil to Cohasset, and for some years
spent four or five summer months in the former place and the
rest of the year in Brookline.    Since 1895, or 1896, he has let

his Cohasset house and has permanently inhabited only the Brookline house, which seems to be the more important structure of the two, and stands in the name of the plaintiff's wife. He has continued to vote in Cohasset, and has intended, so far as consistent with the facts, to remain an inhabitant of Cohasset.

Of course the argument for the plaintiff is that his domicil is presumed to continue until it is proved to have been changed, that it could be changed only by his intent and overt act, and that he expressly denied the intent. The ambiguity is in the last proposition. The plaintiff did not deny that he intended to keep on living as he had lived for the last few years, and if the jury saw fit to find, as no doubt they did, that he did intend to do so, then he did intend the facts necessary to constitute a change of domicil, and what he did not intend was simply that those facts should have their inevitable legal consequence. If a person is present with his family in a house in Brookline and intends to make his actual headquarters there for the rest of his life, and to live no more in the place of his former domicil, he cannot retain the old domicil by the simple means of intending, subject to his actual change, to retain advantages inconsistent with it. The proposition hardly needs illustration. When you intend the facts to which the law attaches a consequence, you must abide the consequence whether you intend it or not. Of course, if hereafter, upon the recurrence of this question, Mr. Dickinson is prepared to state that he never has given up his expectation of actually living in Cohasset, while that testimony would not take away the town's right to go to the jury, it may lead to a different result.

*Exceptions overruled.*