(74 App. Div. 113.)

### In re OSBORN et al.

(Supreme Court, Appellate Division, Second Department. July 1, 1902.)

1. INCOMPETENT PERSONS—COMMITTEE.

Code Civ. Proc. § 2320, relative to the appointment of a committee for an incompetent, provides that, in all proceedings for the appointment of a committee of such a person, he shall be designated an "alleged incompetent" person, and, after the appointment of a committee of such person, in all subsequent proceedings such person shall be designated an "incompetent person." *Held* to contemplate a continuance of the same proceeding where any other steps are necessary, and where one has been declared an incompetent, and a committee appointed, a subsequent petition to remove the committee and appoint another must be made in the original proceeding.

2. SAME—REMOVAL OF COMMITTEE.

By the provisions of section 2339 of the Code of Civil Procedure, a committee either of the person or property of an incompetent is subject to the direction of the court by which he was appointed, and he may be suspended, removed, or allowed to resign, in the discretion of the court; and by section 2320 the court has power to manage the incompetent's person and estate. *Held*, that where one has been declared an incompetent, and her husband found not a proper person to be the committee of the incompetent's person or estate, the court should not, on a subsequent petition by the incompetent and her husband (her blood relations not being parties), remove the committee and appoint the husband.

Appeal from special term, Kings county.

In the matter of Penelope D. Osborn, an alleged incompetent. Appeal by Alford W. Cooley from an order of the special term removing him as the committee of the person, and substituting Victor M. Osborn. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

H. C. Henderson, for appellant.

Robert H. Roy, for respondent.

WOODWARD, J. Victor M. Osborn, one of the applicants herein, on the 4th day of May, 1901, verified and presented to the supreme court a petition asking that a committee of the person and property of his wife, Penelope D. Osborn, be appointed, and that a commission issue out of, and under the seal of, the said court, to inquire into her apparent lunacy and incompetency. On the 6th day of May, 1901, a justice of this court made an order directing that the petition and affidavits be presented to the supreme court, at a special term thereof, on the 13th day of May, 1901, and further ordered and directed that notice of such application be given to Silas Deuel, a paternal cousin, and Sarah Cutting, a maternal cousin, of the said Penelope D. Osborn, of the presentation of such petition and the institution of such proceedings. The relatives mentioned in the order and others ap-

peared in the proceeding by Mr. Sidney V. Lowell, and raised no objection to the appointment of a committee of the person and estate; but they did object to the appointment of her husband as such committee, submitting affidavits which justified the court in reaching the conclusion that he was unfitted for the office. On or about the 21st day of June, 1901, the question of the competency of said Penelope D. Osborn was inquired into before a jury, resulting in a verdict declaring the said Penelope D. Osborn to be of unsound mind and incompetent to manage herself and her affairs; and thereafter, and on or about the 13th day of July, 1901, an order was signed by a justice of this court confirming said verdict, and appointing Alford W. Cooley as committee of the person and estate of the said incompetent. Mr. Cooley duly qualified as such committee, and entered upon the discharge of the duties of his position. On or about the 1st day of April, 1902, the said incompetent and Victor M. Osborn, her husband, gave notice, in an entirely independent proceeding, upon a petition of Victor M. Osborn, and an affidavit of the said incompetent, that an application would be made on the 9th day of April, 1902, for an order removing Mr. Cooley as committee of the person and estate of the said Penelope D. Osborn, and substituting in his place the said incompetent's husband.

Section 2320 of the Code of Civil Procedure provides that in "all proceedings under this title for the appointment of a committee of such a person, he shall be designated 'an alleged incompetent person'; and after the appointment of a committee of such person, in all subsequent proceedings, the lunatic, idiot, habitual drunkard or imbecile shall be designated 'an incompetent person.'" While it may be that the courts would not permit a technical defect in the papers to prevent intervention where injustice was apparent, we believe that the safety of individuals and the orderly administration of justice require that this provision of the Code should be given effect, and that the court at special term should not, in effect, review the determination of a prior special term, at least in an independent proceeding, where all of the parties who were thought necessary in the original proceeding are not brought in. If this question was determined differently in Re Chapman, 43 App. Div. 231, 59 N. Y. Supp. 1025, it is enough to say that the case was reversed in 162 N. Y. 456, 56 N. E. 994, upon another point, and the court say:

"Instead of deciding it upon the assumption of certain facts and conditions not proved, the case should have been remitted to the special term for a resettlement of the committee's account. We think that should be done at this time. The respondent will then be in a position where the errors, if any, in the manner of instituting the proceeding, or the omission of necessary parties, may be remedied by the inauguration of a new proceeding or otherwise as he may be advised."

This is sufficient, at least, to suggest doubt on the part of the court of appeals as to the regularity of the proceeding, and warrants this court in holding that in a matter of this character it was error for the learned court at special term to entertain a petition which did not conform to the requirements of the Code of Civil Procedure, and to overrule the determination of a prior special term that the husband of the

incompetent person was an improper person to act as the committee of the person or estate of such incompetent person. It is true that upon the hearing in the matter now before us the petitioner abandoned the application for a removal of the committee of the estate, and the order only goes to the committee of the person; but we are of the opinion that the matters before the court, and which ought to have been taken into consideration, if any action was to be taken under the independent petition of Mr. Osborn, are sufficient to show that there was no reason for the removal of the committee of the person, and certainly no justification for the appointment of Mr. Osborn. It is true that, by the provisions of section 2339 of the Code of Civil Procedure, a committee either of the person or property is subject to the direction and control of the court by which he was appointed, with respect to the execution of his duties, and that he may be suspended, removed, or allowed to resign, in the discretion of the court; but this is a judicial discretion, to be exercised in conformity with the rules and practice of courts, and not capriciously, and without a patient and careful hearing of all matters which legitimately bear upon the question. The petitioner, the husband of Penelope D. Osborn, stated in his original petition that she "is of unsound mind, and a person incompetent to manage herself or her affairs, in consequence of lunacy or imbecility arising from loss of memory," etc., and this characterization has been judicially confirmed; yet the petitioner now comes into court and declares that she is only unsound in her mind on certain lines, and seeks to support his application for appointment as committee of her person upon the affidavit of this incompetent person, in a proceeding in which her blood relations are excluded. We are of opinion that the duty of this court toward incompetent persons demands that there be no action taken relating to the committee of the person or property without a careful inquiry, and that to close our eyes and ears to information bearing upon the fitness of any person for the discharge of so high a trust is error, which cannot be justified by any technical rules. Penelope D. Osborn has been judicially determined to be incompetent to manage her affairs. The court is thus given jurisdiction to manage her person and estate (section 2320, Code Civ. Proc.); and it is its duty to discharge this duty broadly, and to use every reasonable effort to determine the fitness and competency of the person who is intrusted with the office of committee either of the person or property of such incompetent. The Code provides that in all subsequent proceedings, after the determination of the incompetency of the person, the lunatic, idiot, habitual drunkard, or imbecile shall be designated an "incompetent person." This contemplates a continuance of the original proceeding, in which all of the parties shall be permitted to be heard, and not an independent petition, where all of the relatives may be shut out from participation.

It may be important to add that, at the time of the removal of Mr. Cooley as committee of the person of Penelope D. Osborn, proceedings were pending in behalf of such committee against the said Victor M. Osborn.

The order appealed from should be reversed, without costs. All concur, except BARTLETT, J., taking no part.