### In re ANDREWS.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

INSANE PERSONS (§ 9*)—MENTAL INQUIRY—VENUE.
    Where a person was adjudged a lunatic and her committee appointed
    in an inquisition held in New York county, where she resided, an appli-
    cation to inquire into her subsequent condition should be made in that
    county, under Code Civ. Proc. §§ 2323, 2343, requiring such inquisitions to
    be made in the judicial district in which the person resides.
    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 17; Dec.
    Dig. § 9.*]

Appeal from Special Term, Rockland County.

Petition by Constant M. Andrews to restore Blanche L. Andrews to
her liberty and property, and to supersede the commission de lunatico
inquirendo wherein Blanche L. Andrews was adjudged insane. From

an order directing an inquiry, her committee appeals. Reversed and dismissed.

Mrs. Andrews was found to be a lunatic on due inquisition in 1903, and a committee of her person and property was appointed by the Supreme Court in New York county, the place of her residence with her husband.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

John F. Devlin (George C. Kobbe, on the brief), for appellant.
William M. Seabury (Charles Stewart Butler, on the brief), for respondent.

GAYNOR, J. This application should have been made in the county of New York, and the court should have refused to hear it in the county of Rockland. A proceeding to have a person declared a lunatic, and his property and person put in the charge of a committee, has to be had in the judicial district in which such person resides, as is prescribed by section 2323 of the Code of Civil Procedure. Section 2343 provides that when the lunatic becomes competent again, the court must discharge the committee of his person and property, and restore his property to him. It does not specifically say the application therefor must be in such place of his residence, but that follows plainly enough from reading the whole title on the subject (sections 2320–2344); and the matter is settled by judicial decision. Also, the motion should be in the original proceeding, and not in a newly entitled proceeding, as here. Matter of Porter, 34 App. Div. 147, 54 N. Y. Supp. 654; Matter of Osborn, 74 App. Div. 113, 77 N. Y. Supp. 423; Matter of Bischoff, 80 App. Div. 326, 80 N. Y. Supp. 917.

The order should be reversed and the proceeding dismissed.

Order reversed, with $10 costs and disbursements, and proceedings dismissed. All concur.