In the Matter of the Appraisal of the Estate of DAVID LYDIG, Deceased, under the Acts in Relation to Taxable Transfers of Property.

HENRY C. ATTWILL, Attorney-General of the Commonwealth of Massachusetts, Appellant; FRANK K. STURGIS and Others, as Executors, etc., and EUGENE M. TRAVIS, as Comptroller of the State of New York, Respondents.

First Department, March 5, 1920.

Tax — transfer tax — domicile of decedent — burden of proof — facts insufficient to show change of domicile.

The domicile of origin is presumed to be retained, and the burden rests upon the party asserting another domicile to establish that the domicile of origin was abandoned or changed.

The facts that the decedent, whose domicile of origin was in New York, lived part of the year in Massachusetts, for several years paid personal and poll taxes there, registered and voted there at least once, and in his will recited that he was a resident there, does not show a change of domicile from New York to Massachusetts. These facts taken together show a desire to have a domicile in Massachusetts, but that is not sufficient; there must be in fact a change of domicile.

On all the evidence, *held*, that the decedent never changed his domicile from New York to Massachusetts and that his personal estate was subject to a transfer tax in this State.

APPEAL by Henry C. Attwill, Attorney-General of the Commonwealth of Massachusetts, from an order of the Surrogate's Court of the county of New York, entered in the office of said court on the 21st day of July, 1919, adjudging that dece-

dent, David Lydig, was at the time of his death a resident of the State of New York.

*William Harold Hitchcock, Assistant Attorney-General,* of counsel [*Henry A. Wyman, Attorney-General of the Commonwealth of Massachusetts*], for the appellant.

*Frederic D. Philips* of counsel [*Daly, Hoyt & Mason,* attorneys], for the respondents Frank K. Sturgis and others, as executors, etc.

*John B. Gleason* of counsel [*Lafayette B. Gleason,* attorney], for the respondent the State Comptroller.

PAGE, J.:

The question whether the estate of David Lydig is subject to pay a transfer tax to the State of Massachusetts or to the State of New York has been voluntarily submitted to the courts of this State by the Attorney-General of Massachusetts. With the highest appreciation of this unusual exhibition of interstate comity, we have given to the argument of the Assistant Attorney-General of Massachusetts the careful consideration which the importance of the question presented and the clear and able presentation demands.

David Lydig died on October 24, 1917, at Lenox, Mass., and was there interred. His will was duly proved in the county of New York. During the pendency of the proceedings in the Surrogate's Court for the adjustment of the transfer tax it was suggested by the Attorney-General of Massachusetts to the executors that the taxing authorities of that State claimed that the testator was domiciled in Massachusetts at the time of his death, and that, accordingly, a legacy and succession tax was due to Massachusetts under its statutes upon all his personal property. This claim being disputed, it was stipulated between the executors, the Comptroller of the State of New York and the said Attorney-General that the latter might intervene in the transfer tax proceedings and that the question at issue should be determined by the surrogate. The testimony was taken before the designated transfer tax appraiser and reported by him to the surrogate. The intervention in behalf of the

Commonwealth of Massachusetts was allowed, and after a hearing the order was entered upon which this appeal is taken.

The facts in the case are undisputed. David Lydig was born in New York city May 19, 1841, where the families on both his father's and mother's side had long been prominent, and during his entire life he maintained a place of residence within the present limits of the city of New York. It is conceded that until about 1900 he was domiciled in New York. Since 1895 he occupied his New York dwelling for six or eight months during the year and spent the summer months at Lenox in Massachusetts. In 1899 his wife acquired property in Lenox, Mass., and erected a house there costing $50,000 or $60,000 which she fully furnished. Thereafter the New York house would be left in possession of the caretaker, and the servants and household removed to Lenox generally in the month of June, returning to the New York house about the first of November. In the year 1900 David Lydig registered as a voter in Lenox and his name remained upon the voting list in that town until his death. There is a record of his having voted in 1912, but no record of prior or subsequent voting. From 1912 until his death the testator was assessed for personal and poll taxes in Lenox. The largest amount which he was assessed for personal property was $23,000, although it appears that he had a personal estate of over $300,000. He paid no taxes on personal property in the State of New York. In his will, executed January 13, 1912, and in a codicil executed May 21, 1913, he described himself as of Lenox, in the county of Berkshire, in the State of Massachusetts, although both of these instruments were executed in the city of New York. He attended church during his lifetime at St. Mark's, in the city of New York, and was a member of its vestry. His clubs were New York city clubs. He kept his securities in New York city. In New York also were situated his real estate holdings, with the single exception of his undivided interest in a small parcel at Lenox. In February, 1914, 1915, 1916 and 1917, he filed his Federal income tax returns with the Collector of Internal Revenue for the Third New York District, describing himself in each as residing at No. 82 East Seventy-ninth street, New York city. It also appears that he did not render any return to the Lenox assessors in 1917, in conformity with the new

State Income Tax Law binding on all inhabitants of Massachusetts. (See Mass. Gen. Acts of 1916, chap. 269, § 12.) For the last thirty-five years of his life he was not engaged in business. Upon these facts the surrogate found that at the time of his death the decedent was a resident of this State.

The inheritance tax being imposed upon the transfer of property within the State by will or the intestate laws is properly imposed by the State where the transfer takes place, which is the State of the domicile of the decedent at the time of his death. (See Tax Law, §§ 220, 243, as amd. by Laws of 1916, chaps. 323, 551.)* The term "resident" in section 47 of the Decedent Estate Law (as amd. by Laws of 1911, chap. 244) † designates a person domiciled in the State. (*Matter of Martin*, 173 App. Div. 1, 3.) In the present case must, therefore, be determined the domicile of the decedent. The case presents one of peculiar difficulty. The decedent with his family occupied two dwelling houses, spending about an equal period of time in each year in each house. He was not engaged in business; therefore, we cannot resort to the fact of his conducting business in one place or the other to aid in determining his domicile.

"In coming to the inquiry in each case, two considerations must be kept steadily in view, and these are: 1. That every person must have a domicil somewhere, and 2. That a man can have only one domicil, for one purpose, at one and the same time. Everyone has a domicil of origin, which he retains until he acquires another." (SHAW, Ch. J., *Abington* v. *North Bridgewater*, 23 Pick. 170, 177.)

It is undisputed that New York city was the decedent's domicile of origin, and presumptively that domicile was retained. The burden rests upon the party asserting another domicile to establish that the domicile of origin was abandoned or changed. Three facts are relied upon by the Attorney-General of Massachusetts to establish an intent of the decedent to change his domicile from New York city to Lenox: *First*. That from 1912 to 1917 he paid poll and personal taxes in Lenox. This fact, although persuasive, is not controlling for

---

* Since amd. by Laws of 1919, chap. 626.— [REP.
† Since amd. by Laws of 1918, chap. 186.— [REP.

the purposes of levying the assessment of taxes on personal property; the place where the party resides may be treated as that of his residence, although his domicile may be elsewhere. (*DeMeli* v. *DeMeli*, 120 N. Y. 485, 491.)   It appears that the decedent submitted to a tax upon his personal property in Lenox from motives of economy.   *Second.* That in the year 1900 he registered his name as a voter in Lenox; voted at the election in 1912; his name remained on the registry list until his death.   The placing of the name upon a registry list and voting in a particular place does not establish the domicile of a person.   (*Dickinson* v. *Brookline*, 181 Mass. 195; *Babcock* v. *Slater*, 212 id. 434; *Paddack* v. *Lewis*, 59 App. Div. 430, 434; affd., 179 N. Y. 591.)   *Third.* That in the will and codicil the testator was recited as of Lenox in the State of Massachusetts.   This fact is also inconclusive.   (*Matter of Mesa y Hernandez*, 172 App. Div. 467; affd., 219 N. Y. 566.)   These facts, taken together, tend to show a desire to have a domicile in Lenox, but there must be more shown than desire and intent to change; there must be in fact a change of domicile.

The Supreme Court of Massachusetts, in a case in which all of these elements were present, has recently said: " To establish a change of domicile, fact and intent must concur.   *   *   * The mere desire to have a domicile in a certain place with the intention that it shall be so is not enough, where, as here, there is no actual change of abode and apparently no intention of performing any of the acts which are necessary to constitute such a change.   [Citations.]   The purpose to change is not enough, unless carried into execution."   (*Babcock* v. *Slater*, *supra*, 436.)

There was no change in the mode of life of the decedent.   He continued to reside in the house which he owned and in which he had stayed for years for the same period of time during each year.   He spent no more time at Lenox than he formerly did. He made his Federal income tax return to the Collector in New York city and stated that he resided at the place in New York city that he had long occupied, and made no return for taxation upon his income in Massachusetts in 1917, when the statutes of that State required such return to be made by inhabitants of the State.   Taking the facts of the case as a whole, there is not sufficient evidence to show that David

Lydig ever changed his domicile, but on the contrary the learned surrogate correctly held that the domicile of his origin remained his domicile at all times until his death.

The order should be affirmed.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, without costs.