In the Matter of the Estate of HELEN L. BEATTIE, Deceased.

Surrogate's Court, New York County, March 29, 1927.

**Wills — probate — jurisdiction — decedent's will was admitted to probate in New York county though contestants knew question of jurisdiction existed — weight of evidence warrants finding decedent regarded New York county as her home — length of sojourn outside of county did not effect change in domicile.**

The decree admitting decedent's will to probate in New York county will not be vacated and the letters of the temporary administrator revoked on the ground that the Surrogate's Court of New York county was without jurisdiction, because at the time of decedent's death she was a resident of Ontario county, where it appears that the will was admitted to probate though the contestants knew that a question existed as to the jurisdiction of the Surrogate's Court of New York county over the estate and that in spite of this question both contestants withdrew objections and acquiesced in the decree which was based upon a petition setting forth that the residence of the decedent was in New York county.

Notwithstanding the fact that a previous motion by the contestants to set aside the decree of probate has been denied, this court, on motion by said contestants and another of the next of kin, now finds anew on the merits that the weight of evidence warrants a finding that the decedent regarded New York county as her home; the length of sojourn outside of New York county did not effect a change in decedent's domicile.

APPLICATION to vacate decree of probate.

*Davies, Auerbach & Cornell,* for the executor.

*Osborne & Shrewsbury,* for contestants.

*Cleary & Thach,* for contestants.

*Van Vorst, Siegel & Smith,* for residuary legatee.

*A. Parker Nevin,* for contestant.

FOLEY, S.   This is an application to vacate the decree admitting the will of the decedent to probate and revoking the letters of the temporary administrator, on the ground that the decedent at the time of her death was a resident of Ontario county, in this State, and was not a resident of New York county, and that this court was without jurisdiction to admit the will.

The decedent died June 25, 1925, leaving a will dated May 11, 1922, which was presented for probate to this court.   Objections to the probate of the will were filed by the late A. Parker Nevin, an attorney, on behalf of Nellie Beattie McFadden and Pauline Beattie Putnam, two of the next of kin of the testatrix.   Subsequently a stipulation was entered into between the attorneys for the proponent

16

and the attorney for the contestants, withdrawing the objections and consenting that a decree be made admitting the instrument to probate as the will of the decedent. Orders were thereupon made dated February 1, 1926, withdrawing the answer and objections of the contestants and the decree made admitting the instrument to probate as the will of the decedent. Mr. Nevin died in February, 1926. The contestants having retained other attorneys, made application on notice of motion dated May 20, 1926, for an order setting aside the decree admitting the will to probate and restoring to the calendar of the court the issues raised by the objections and answers. This application was denied by me. (*Matter of Beattie*, N. Y. L. J. June 23, 1926; affd., 218 App. Div. 766.)

The present application is made by Nellie Beattie McFadden and Pauline Beattie Putnam, who made the previous application, and by Edith B. Adderton, another of the next of kin of the testatrix. It is contended by the proponents of the will that Mrs. McFadden and Mrs. Putnam are precluded from attacking the jurisdiction of the court because of the general appearance and the answer to the petition for probate.

If it were not for the fact that one of the moving parties on the present application did not join in the previous motion, the application might well be dismissed on the ground that the matter had been previously adjudicated. It was certainly within the knowledge of the two contestants in the probate proceeding, Mrs. McFadden and Mrs. Putnam, and their attorney that a question existed as to the jurisdiction of this court over the estate. Despite this question both of the contestants withdrew objections and acquiesced in the decree which was based upon a petition setting forth that the residence of the decedent was in New York county. Moreover, on the previous motion before me this question of jurisdiction again was disclosed to the attorneys for both sides and to the surrogate by the contents of an affidavit. But regardless of this disclosure, no supporting proof of residence in a county other than New York was offered. On the argument of the appeal in the Appellate Division from my order, an affidavit was permitted to be filed by that court as part of the record, which again disclosed the alleged dispute over the jurisdiction of this court. In the face of this record it is clear that the order of the surrogate and the affirmance by the Appellate Division was an adjudication of the jurisdictional issue sought to be raised again upon this motion. It would appear also from these facts that there is reasonable support for the charges of the executor that these two contestants, with full knowledge of the claim of non-residence and the alleged lack of jurisdiction in this court, after they had been defeated in other

efforts to reopen the probate decree, deliberately attempted to reserve the making of the present motion as a further harassment of the executor and the beneficiaries of the estate. But in order that there may be no further question as to the jurisdiction of the court, I have considered that question anew on the merits, particularly because of the joining in this motion of Mrs. Adderton, who was not a party to the previous motion to open the default. I hold upon the record before me that the testatrix was a resident of and domiciled in New York county at the time of her death, and that this court had jurisdiction of the probate proceeding.

She was born in New Orleans in the year 1840. Between the years 1906 and 1915 she lived in Brooklyn, N. Y., for the greater part of the time, making frequent visits to various places, including trips to Europe. On March 1, 1915, she registered at the Clifton Springs Sanitarium in Ontario county, N. Y. She gave her residence as Brooklyn. From June 22, 1920, to May, 1922, she stopped at the Mohican Hotel, New London, Conn., registering at that time from Hampton, Va. At the time of the execution of her will, May 11, 1922, she was stopping at the Hotel Pennsylvania in New York county. On May 16, 1922, she entered the Clinton Springs Sanitarium. In signing the register at the time she gave her residence as "New York." Her stay lasted at this place until July 24, 1922. She visited the sanitarium on August 8, 1922, and again signed the register giving "New York" as her residence. Her visit on this occasion continued until April 25, 1923. On June 1, 1923, she entered the sanitarium, giving her residence as "New York City." She stopped at the sanitarium until September 24, 1923. These entries in the register were all in decedent's own handwriting. When she visited the sanitarium on January 10, 1924, at which place she remained until her death on June 25, 1925, she did not fill out the space under the column headed "Residence." The clinical record, however, made at the time of this visit, gives her address as at a place in New York county.

Her Federal income tax returns for the years 1922, 1923 and 1924 gave New York county as her residence. In the return for the year 1919, Hampton, Va., is given as decedent's residence and for the year 1921, New London, Conn. The burden of proof of showing a change of domicile from that of origin or selection rests upon the party who alleges it. (*Matter of Newcomb*, 192 N. Y. 238; *U. S. Trust Co.* v. *Hart*, 150 App. Div. 413; mod. and affd., 208 N. Y. 617.) But in this case, involving a woman of advanced years, of migratory habits and in the face of her written declarations of residence, there is only the weakest kind of proof to establish such a change. Certainly a sojourn at a sanitarium for the benefit of

her health would not indicate an intention to establish a new domicile or the abandonment of her declared residence in New York county. The only element of proof in the record which tends to show such a change is found in the testimony of Dr. Sanders of the medical staff of the Clifton Springs Sanitarium, in his statement that the decedent told him that she had no other home than the sanitarium and that she intended to spend the remainder of her life there. But this evidence is entirely negative by his own statement under oath that the decedent had told him on her last sojourn at the sanitarium that she "considered the Hotel Pennsylvania in New York city as her home." The fact that in some of her written declarations she gave a business address in New York county as her residence does not affect the conclusion of legal residence in New York county. She kept no permanent home in the form of apartment, house or hotel room anywhere and the fact that her income tax returns were filed in New York county evidences her intention to retain her residence here.

There is no proof, therefore, of any intention on the part of the decedent to change her residence to Ontario county. The numerous declarations in her own handwriting in the register of the sanitarium furnish the strongest proof that she did not regard Ontario county, but by her acts and declarations of intention regarded New York county as her legal residence. The length of her sojourn outside of New York county does not effect a change of her domicile. This fact "while important to be considered, certainly is not controlling, because domicile may exist without actual residence, but never without intention." (*U. S. Trust Co.* v. *Hart*, 150 App. Div. 413; mod. and affd., 208 N. Y. 617; *de Meli* v. *de Meli*, 120 id. 485; *Dupuy* v. *Wurtz*, 53 id. 556; *Matter of Lydig*, 191 App. Div. 117; *Matter of Blumenthal*, 101 Misc. 83; affd., without opinion, 186 App. Div. 944.)

Submit order on notice denying application.