In the Matter of the Estate of ANNIE STONE, Deceased.

Surrogate's Court, New York County, March 6, 1929.

*Lord, Day & Lord,* for the executor.

*Charles A. Curtin,* for the State Tax Commission.

*T. Ludlow Chrystie,* for the State of Connecticut.

FOLEY, S. This application is made for an order adjudicating that the decedent at the time of her death was a non-resident

of the State of New York. Upon application of the executor an order was heretofore made designating a transfer tax appraiser to take proof as to the residence of the decedent and to report to the surrogate. The procedure was the same as adopted in *Matter of Lydig* (191 App. Div. 117), and the State of Connecticut was permitted to intervene as a party to the proceedings. The testi-mony was accordingly taken by the transfer tax appraiser who has transmitted it to this court for decision. It is the contention of the New York State Tax Commission that the decedent was, at the time of her death, a resident of the State of New York. The executor alleges that fact upon information and belief. The State of Connecticut, on the other hand, claims that the decedent died a resident of that State.

The question of residence, or domicile, of the decedent in each particular case must of necessity be determined from the evidence presented in the case. To these facts are applied the general principles applicable to domicile as consistently laid down by our courts in the leading cases of the State such as *Dupuy* v. *Wurtz* (53 N. Y. 556); *Matter of Newcomb* (192 id. 238); *Matter of Lydig* (191 App. Div. 117); *deMeli* v. *deMeli* (120 N. Y. 485), and *Matter of Mesa y Hernandez* (172 App. Div. 467; affd., 219 N. Y. 566). It is unnecessary at this time to set forth in detail these principles, the more important of which are (1) that every person must have a legal domicile somewhere; (2) that a person can have but one domicile at one time for one purpose; (3) that the existing domicile, whether of origin or of choice, continues until a new one is acquired; (4) that to create a change of domicile both the intention and the residence, *animus et factum*, must be present.

The claims of both the New York State Tax Commission and the State of Connecticut are vigorously urged and their determination has not been made without difficulty because of the sharply conflicting inferences which may be drawn from the proofs.

The decedent was born in New York city in 1849. For many years she and her sister, Ellen Stone, resided in a house owned by them on East Fiftieth street, New York city. This house was sold in 1926 and thereafter, during the portion of each year spent in New York city, the decedent resided with her sister in an apartment leased by the latter at 910 Park avenue. In 1898 the decedent and her sister, Ellen Stone, purchased real estate in Ridgefield, Conn., and in the next year erected a house there in which they spent a portion of each year thereafter until the decedent's death. The house was their country home. It was the custom of the decedent to spend the late spring, summer and fall of each year

at Ridgefield. While in Ridgefield she was a member of the Garden Club, served on the library committee for thirteen years and was a charter member of the Equal Franchise League and the League of Women Voters. She attended St. Stephen's Episcopal Church at that place and was a contributor to many of the local organizations of the town. It is not disputed that she was domiciled in New York until 1920. In 1920 she became an elector of the State of Connecticut, took the oath to that State, and voted at the town election in October and at the national election in November of the same year. She never voted anywhere thereafter. Mr. Frank Taylor, registrar of voters for the town of Ridgefield in 1920, testified that the decedent in that year stated to the town clerk, now deceased, that "I am giving up my New York residence and wish to become a resident of Ridgefield and be identified with town affairs." There is further testimony to the effect that the decedent requested that her name be placed on the resident tax list in Ridgefield in the year 1920 but that through a mistake her name was continued on the non-resident list until 1921. In 1921 she again requested that her name be put on the resident list, stating to the town assessor, William A. Benedict, "I am a resident now." Her name thereafter appeared on the resident tax list. Judge George G. Scott, who was town clerk of Ridgefield in 1924, testified that the decedent came to him in October of that year and stated that some two or three years before a mistake had been made in putting her in the list among the non-residents and further stated that she wanted him to be sure that no further mistake would be made and that her name be continued on the resident list. While it is the well-settled law that the acts of a decedent are more important than his declarations in determining a question of domicile (*Dupuy* v. *Wurtz, supra; Matter of Harkness*, 183 App. Div. 396; *United States Trust Company* v. *Hart*, 150 id. 413, 417), the court said in *Matter of Newcomb* (192 N. Y. 238, 252): "While acts speak louder than words, the words are to be heard for what they are worth." Declarations, while not necessarily persuasive, are expressive of the testator's intention and may become important when supported by his acts. The testimony shows that the decedent, on many occasions, unequivocally declared that she had become a resident of Ridgefield, Conn. These declarations are supported by her subsequent acts. Her benefactions there were numerous. She took an active interest in the affairs of the town, even to attending its meetings. She was a contributor to many organizations and a member of societies and committees. It is of importance too that after the sale of the house which she and her sister owned in New York city, she

resided, while here, in an apartment occupied under a lease to which she was not a party.

In considering the evidence submitted to me I have entirely excluded the article relative to the decedent's death, which appeared in a Ridgefield paper, as I deem it to be mere hearsay.

The New York State Tax Commission relies almost exclusively upon the presumption of the continuance of the domicile of origin. It does stress the fact that, in certain documents executed in the years 1922 and 1926, the decedent is described as a resident of New York city. These documents, however, were all executed by one E. Morgan Grinnell, the decedent's attorney in fact, by virtue of power of attorney given him in 1901. Statements by the decedent's attorney in fact that the decedent was a resident of New York afford little proof as to her domiciliary intent. It does not seem unusual that the attorney in fact, in preparing documents for the decedent who had two addresses, should use her New York address especially since the transactions affected New York property and the documents were executed in New York. (*Matter of Harkness*, 183 App. Div. 396.)

The facts here are similar to those in *Matter of Lydig* (191 App. Div. 117), but differ from the latter case in some particulars which are worthy of note. In the *Lydig* case the decedent, for each of the four years immediately preceding his death, filed his income tax returns in New York and verified them individually. On each of these returns the decedent's residence was given as New York city. In the instant case it is admitted that the decedent's income tax returns were filed in New York. There is, however, nothing in the record to show that the returns were verified by the decedent individually. On the contrary, it is only fair to assume that they were not so verified by her as each of the other affidavits and documents offered in evidence by the New York State Tax Commission was sworn to by the decedent's attorney in fact. Likewise, in the *Lydig* case there is testimony that David Lydig paid taxes in Lenox, Mass., through an arrangement with the tax assessors for the reason of economy. In the case here there is nothing to show that Annie Stone paid taxes as a resident of Ridgefield, Conn., for the reason that she might pay less there than in New York nor is there any indication that such was her intention. A brother-in-law of David Lydig also testified that the latter, during his entire lifetime, had made his home in the city of New York. In the case before me there is no testimony of declarations by Annie Stone to the effect that she did not change her domicile or that she continued to maintain it in New York. Moreover, there is present in this proceeding proof of positive

affirmative declarations and conduct establishing a change of domicile.

From all of the foregoing facts I have reached the conclusion that the decedent had changed her domicile from New York city to Ridgefield, Conn. Submit order, on notice, adjudicating that the decedent was, at the time of her death, a resident of the State of Connecticut and proceed accordingly.