In the Matter of the Application for the Appointment of a Committee of the Person and Property of HERMAN F. BEECHWOOD or BUCKHOLZ, an Alleged Incompetent Person.

County Court, Cayuga County, December 31, 1931.

*A. J. & F. A. Parker,* for the petitioner.

*T. Cuthell Calderwood,* for the respondent.

MOSHER, J.   The respondent denies the jurisdiction of this court on the ground that he is no longer a resident of Cayuga county and cites Civil Practice Act (§ 1359); *Matter of Andrews* (129 App. Div. 586); *Matter of Bischoff* (80 id. 326); *Matter of Porter* (34 id. 147).   His answer admits that he resided in the city of Auburn, Cayuga county, N. Y., from shortly after April 29, 1913, to on or about September 1, 1931, but alleges that he has since been living with his stepson at West Galway, Fulton county, N. Y., and submits the affidavits of several persons to whom he had stated he was going to make his home with him and spend the remainder of his days there.

This issue of residence is one of fact, to be determined by the court according to the minute facts and peculiar circumstances of the case.   (*Matter of Newcomb,* 192 N. Y. 238; *Bolton* v. *Schriever,* 135 id. ·65; *Kennedy* v. *Ryall,* 67 id. 379; *Dupuy* v. *Wurtz,* 53 id. 556; *Webster* v. *Kellogg Co.,* 168 App. Div. 443; *Matter of Martin,* 94 Misc. 81.)   No positive rule is possible and precedents are of slight assistance.   (*Dupuy* v. *Wurtz, supra; Plant* v. *Harrison,* 36 Misc. 649.)

Residence as here used is synonymous with domicile.   (*Flatauer* v. *Loser,* 156 App. Div. 591; *Hislop* v. *Taaffe,* 141 id. 40.)   The respondent could have but one domicile at a time.   (*Dupuy* v. *Wurtz, supra; Matter of Stone,* 135 Misc. 736.)   His Auburn domicile continues until it is abandoned, *animo et facto,* and another is acquired with an absolute and fixed intent to make it a permanent home ( *Kennedy* v. *Ryall, Dupuy* v. *Wurtz, Webster* v. *Kellogg Co., Matter of Stone, Matter of Martin, Plant* v. *Harrison, supra;* Jacobs Domicil, § 177), and the burden of proof rests upon him alleging a change of domicile to establish it by very clear proof, rebutting this *prima facie* evidence.   (*Matter of Newcomb, Kennedy* v. *Ryall, Dupuy* v. *Wurtz, Hislop* v. *Taaffe, Matter of Martin, supra; United States Trust Co.* v. *Hart,* 150 App. Div. 413; *Matter of Leonori,* 130 Misc. 499; *Matter of Beattie,* 129 id. 241; *Matter of Curtiss,* 140 id. 185.)

The essential requirements for a change of domicile are abandonment in fact of the former domicile and residence in a new locality with the intent to remain there and make a new and sole domicile there.   (*Dupuy* v. *Wurtz, Matter of Stone* and *Plant* v. *Harrison, supra.*)   Mere change of residence is not sufficient without an absolute and fixed intention to abandon the one and acquire another and his acts must conform to and confirm his intent.   (*Matter of Newcomb, supra; Matter of Blumenthal,* 101 Misc. 83.)

Declarations of intention are not conclusive.   (*Dupuy* v. *Wurtz,*

*supra.*) They have been denominated the lowest species of evidence, inferior to acts, and not to be considered when they conflict with acts and general conduct (*Plant* v. *Harrison, supra*), which are regarded as more important and reliable and outweigh any declarations to the contrary. (*Dupuy* v. *Wurtz, supra.*) Actions speak louder than words. (*Matter of Curtiss, supra; Matter of Harkness,* 183 App. Div. 396; *Matter of Bennett,* 135 Misc. 486.)

The petitioner's affidavits are undisputed that the respondent left his automobile here in his garage, and his furniture in his house and placed no rent or sale sign thereon, and brought his lawn mower to his neighbor and asked him to use it to care for his lawn. (*Plant* v. *Harrison, supra,* at p. 660.) Even though his stepson motored back for some personal effects, the respondent did not accompany him and has done nothing to dispose of his house or property or arrange for its removal, even yet. This all seems inconsistent, either with his alleged intention to abandon his Auburn domicile, or else with his judgment, thrift and competency and minimizes the weight to be accorded his declarations, and appears more like a visit with his stepson, to try out his home, keeping, however, his own home and equipment as a haven of refuge to which to return if the other did not prove satisfactory or long agreeable, as so often happens with old people. A desire to have a domicile in West Galway is not sufficient, unless there be in fact a change of domicile. (*Matter of Lydig,* 191 App. Div. 117.) His expressed intention to change his domicile, contradicted by the facts, circumstances and appearances of the case, are not at all controlling (*Matter of Mesa y Hernandez,* 87 Misc. 242), or conclusive (*Dupuy* v. *Wurtz, supra*), and little stress is to be placed upon it as against his actions and course of conduct (*Plant* v. *Harrison, supra*).

The respondent has not sustained his burden of proof of a legal abandonment and change of domicile, and his motion must be denied and a commission issue.