In the Matter of the Probate of the Will of JOHN L. SAWYER, Deceased.

Surrogate's Court, Delaware County, November 19, 1947.

*Samuel H. Fancher* for Lena L. Cable, petitioner.

*Harry S. Travis* for Georgia E. Huntley, objectant.

CURTIS, J. The jurisdiction of the Surrogate's Court of Delaware County is challenged on the ground that the decedent was not a resident of Delaware County at the time of his death. The word " resident " as used in section 45 of the Surrogate's Court Act means " domicile " rather than the ordinary concept of " residence ". Such a construction is necessary for the avoidance of conflicting claims of jurisdiction in different counties, for one can have but one " domicile " although having two or more residences (*Matter of Stone,* 135 Misc. 736; *Matter of Green,* 99 Misc. 582). In the final analysis, domicile becomes a matter of intention (*Matter of Fischer,* 151 Misc. 74; *Matter of Curtis,* 194 App. Div. 334).

John L. Sawyer's domicile of origin was in Delaware County where he was born, attended school, owned residential real estate, and made his home while employed as a locomotive fireman by the Ontario and Western Railway. He never married, and his work took him to various places along the railway line. During the latter years of his working life, he was assigned to a switching engine in Norwich Railway yards; and while at Norwich roomed first at a railroad Y. M. C. A. and later at a Norwich hotel. This change of location for convenience in his work did not constitute a change of domicile; but in the course of time he acquired the hotel through the foreclosure of a mortgage he held against the property, and his temporary residence at that place assumed some of the aspects of a legal domicile. Then in his will, executed in 1936, he stated his residence as in the city of Norwich, although with the aid of a Delaware County attorney.

It is unnecessary to determine whether at that time he had acquired a domicile in Chenango County, for in any event in 1939 his domicile was established in Delaware County. At that time he was nearly eighty years of age and had been sick in the Norwich Hospital. He then asked his niece, who resided in Walton, Delaware County, to take him to her home. He then brought to Walton his personal effects, removed his securities from the Norwich to the Walton bank and made his home with his niece for the following three years, with only occasional business trips

to Norwich in connection with the leasing of the hotel. During this period he voted in Walton.

It is now claimed by the objectants that during the following five years he changed his domicile to Chenango County. The burden of proof rests upon one asserting a change of domicile, and this burden is a heavy one to substantiate (*Matter of Fischer,* 151 Misc. 74, *supra; Matter of Lydig,* 191 App. Div. 117).

Until his death, he continued to maintain a room in his niece's home where many of his effects were kept. His mail, pension checks and securities came to that address. His niece testified that he never had any other place that he called his headquarters. Eventually he was buried at Walton.

On the other hand, during the last five years, he stayed two thirds of the time at the Norwich Hotel, and one third with his niece. More of his old railroad friends were in Norwich. He had a room at the hotel where he kept some of his personal effects, but this fact has no special weight, for he did this previously at a time when his domicile was clearly at Walton. He died suddenly, and the death certificate states Norwich as his place of residence, but this does not indicate an intention on his part to establish Norwich as his domicile.

All of the circumstances surrounding his mode of life are consistent with a domicile at Walton except his registration for voting purposes at Norwich during the last five years. Does this fact outweigh all of the other evidence? Registration for voting, as well as actual voting, are important, but are not conclusive (*Matter of Lydig,* 191 App. Div. 117, *supra*).

We conclude that, as a matter of fact, the decedent at the time of his death was a resident of Delaware County, within the meaning of section 45 of the Surrogate's Court Act.