## (July 10, 1952.)

■

In the Matter of the Discharge of the Committee of the Property of ALVAH E. BELCHER, an Incompetent Person. ALVAH E. BELCHER, Appellant; GENESEE VALLEY TRUST COMPANY, as Committee of the Property of ALVAH E. BELCHER, an Incompetent Person, et al., Respondents.

Appeal from an order of the Supreme Court, entered February 1, 1952, in Monroe County, upon a decision of an Official Referee, denying a petition by appellant, an incompetent person, to discharge the committee of his property and requiring it to account and restore appellant's property to him.

Order affirmed, without costs of this appeal to any party.

KIMBALL, J. (dissenting). By order of the Supreme Court (Monroe County) made and entered on the 23d day of February, 1951, petitioner-appellant was adjudged to be incompetent to manage his property and affairs. Thereafter the incompetent by petition made pursuant to section 1382 of the Civil Practice Act sought an order declaring him to be a competent person, capable of managing his own affairs.

The motion came on for hearing before the Monroe County Special Term and the issues raised by said petition were referred by the court to an Official Referee to hear and determine. After a hearing the Official Referee denied appellant's petition. The incompetent appeals.

The question posed by this appeal is whether an incompetency proceeding may be referred to an official referee by any statute or rule or practice of the court to hear and determine. I find none.

The power and authority to protect and preserve the estate as well as the person of an incompetent is inherent in the Supreme Court as the successor of the Chancery Court and also by virtue of the statutory provisions in that regard found in article 81 of the Civil Practice Act.

The application of an adjudged incompetent to be declared competent is not an independent special proceeding but is merely an application for an order in the original proceeding in which the court adjudicated incompetency. (*Matter of Osborn*, 74 App. Div. 113; *Matter of Andrews*, 129 App. Div. 586.)

The method by which an incompetent is to be declared competent is not provided for by any statute. The course to be pursued by the court is solely within the inherent discretion of the court. In *Matter of Ireland* (246 App. Div. 113, 114) the court said: " The procedure regulating the appointment and discharge of the committee of an incompetent is statutory and is found in articles 81 and 81-A of the Civil Practice Act. Where an application is made for a supersedeas of the commission the court is called upon to exercise its discretion as to the procedure to be followed. A very wide discretion is lodged *in the court* as to what proofs it may require to satisfy *itself* of the competency of the applicant. That discretion should be exercised with care, caution and patience so as to protect the alleged incompetent person against the wrongful deprivation of his liberty or his property." (Emphasis supplied.) (See, also, *Matter of Blewitt*, 138 N. Y. 148, and *Matter of Curtiss*, 199 N. Y. 36.) It is my thought that the jurisdiction and inherent duty of the court over the person and property of an incompetent is a continuing duty of the court and one that may not be delegated to any other officer nor is it capable of abrogation at the will of the court or upon stipulation of the parties.

This court is on record that an official referee is not the alter ego of the Supreme Court. (*Pawelek* v. *Pawelek*, 266 App. Div. 711.)

We have been unable to find any reported case which sustains the position adopted in this case. The practice up to the present where a reference has been ordered is merely to refer the issues to the official referee to hear and report, leaving the ultimate decision to the court. (*Matter of Partridge*, 302 N. Y. 591.)

All concur in decision, except Vaughan and Kimball, JJ., who dissent and vote to vacate the order of the Official Referee and to remit the matter to the Special Term, in an opinion by Kimball, J., in which Vaughan, J., concurs. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

Order affirmed, without costs of this appeal to any party.