In the Matter of the ESTATE OF Lorin E. DUEMELAND, Deceased.

**Judith A. NORBACK, Appellant,**

v.

**George DUEMELAND, Appellee.**

**Civ. No. 940295.**

Supreme Court of North Dakota.

March 2, 1995.

James L. Norris, P.C., Bismarck, and Michael R. Cunningham (argued), Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, for appellant.

Garry A. Pearson, Pearson, Christensen, Larivee & Fischer, Grand Forks, for appellee, argued by Jon J. Jensen; appearance by George Duemeland.

NEUMANN, Justice.

This is an appeal from an order admitting the will of Lorin E. Duemeland to probate. The contestant, Judith A. Norback, challenges the will, claiming Lorin E. Duemeland lacked testamentary intent. We affirm.

The parties in this case attempted to appeal from a memorandum directing the preparation and submission of an order admitting the will to probate. That memorandum was not a final order and, therefore, was not appealable. Because entry of a final order was merely a formality, in the interest of judicial economy we did not dismiss, but rather temporarily remanded for the entry of that order.

This challenge arises in the context of an intricate and interesting factual background, which, for the purposes of this lawsuit, appears to be largely uncontested. Lorin, the creator of the will being challenged, is survived by two children, George Duemeland and Judith Norback. The decedent, throughout his life, followed a long-standing pattern of generosity toward both his children. He made gifts to them and, additionally, created trusts for the purpose of passing property to them and to their respective families.

Judith and George were partners in a North Dakota partnership, The Duemeland Patterson Land Partnership. Judith alleges that around 1986 George fraudulently induced her to surrender her stake in the partnership. In 1993 Judith discovered what had occurred. She demanded that her interest in the partnership be returned, and that she be compensated by her brother George in order to restore her to her original position. Lorin became aware of the struggle between his children and expressed his wish that they reach a negotiated settlement. Through Lorin's mediation, George offered Judith an $864,000 settlement, which Judith refused. Lorin felt this settlement offer was fair, and hoped to persuade Judith to accept it, thereby avoiding a damaging public battle over the partnership. Lorin informed his daughter that he was planning to disinherit her because she could not settle her differences with her brother amicably. Lorin then redrafted his will, disinheriting his daughter Judith. The will was signed July 7, 1993. Lorin died September 22, 1993.

■ Judith challenged the validity of Lorin's will on the grounds of lack of testamentary intent and undue influence. The trial court ruled that it would not admit extrinsic evidence regarding Lorin Duemeland's testamentary intent. As a result of that ruling, Judith withdrew her objections with respect to her undue influence claim. On appeal Judith now attempts to renew her claim of undue influence. Judith's voluntary withdrawal of her undue influence claim fails to preserve this issue for appeal. Because an objection cannot be raised for the first time on appeal we do not decide this issue. *Delzer v. United Bank of Bismarck,* 484 N.W.2d 502, 508 (N.D.1992).

■ Judith also appeals the trial court's decision to exclude extrinsic evidence which would have been used to show that Lorin lacked the requisite testamentary intent when he rewrote his will. She argues that, even though Lorin did in fact execute the will, he really didn't mean it; he was merely bluffing. We have said, however, that "[u]n-

less a duly executed will is ambiguous, the testamentary intent is derived from the will itself, not from extrinsic evidence." *In re Estate of Ostby,* 479 N.W.2d 866, 871 (N.D. 1992). Once it is shown that the will was properly executed, "the executed will *is* the decedent's testamentary intent." *Id.; See also* NDCC § 30.1–15–07 (Supp.1993). Regarding testamentary intent, in the absence of ambiguity, extrinsic evidence is not admissible except to show fraud or mistake. *Id.*

 " 'When you intend the facts to which the law attaches a consequence, you must abide the consequence whether you intend it or not.' " *State ex rel. Sathre v. Moodie,*[1] 65 N.D. 340, 358, 258 N.W. 558, 566 (N.D.1935) (quoting *Dickinson v. Brookline,* 63 N.E. 331, 331 (Mass.1902)). It is abundantly clear that Lorin intended to draft this instrument. Additionally, it is clear that he intended to sign it. To these actions our law attaches consequences. It is, therefore, irrelevant whether Lorin harbored some secret intention that his actions would have no effect on the disposition of his estate. The consequence of drafting and executing an unambiguous will is that it will have legal effect upon your death. A contrary holding would leave every will open to attack as to the testator's alleged "real" intent, and would deprive testators of any certainty as to the eventual disposition of their estates.

Here Judith has conceded that Lorin's will was properly executed and unambiguous. Her testamentary intent claim therefore must fail. The trial court acted properly in denying Judith the opportunity to present extrinsic evidence regarding Lorin's testamentary intent.

Affirmed.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and GERALD H. RUSTAD, District Judge, concur.

1. This case resolved the 1934 North Dakota election for governor. Mr. Thomas H. Moodie moved to Minnesota where he resided for a number of months and where he voted in two elections. He then returned to North Dakota, subsequently ran for governor, and was elected. This Court decided it was irrelevant whether Mr. Moodie intended to remain a North Dakota resident while in Minnesota, because his actions—voting in elections—had legal effect. As a result, Mr. Moodie failed to meet the constitutional residency requirements, and was relieved of the governorship of the State of North Dakota.

GERALD H. RUSTAD, District Judge, sitting in place of MESCHKE, J., disqualified.