In the Matter of the Petition of JAMES BLEWITT that he be
Adjudged Sane.

In proceedings for a supersedeas of a commission *de lunatico inquirendo,*
   based upon the ground that the lunatic is no longer insane, the petitioner
   has not a legal right to have the question of his sanity submitted to and
   determined by a jury; but the manner of its determination, whether
   upon affidavits, by personal examination of witnesses in court, or by ref-
   erence to a referee to take the evidence and report thereon, or by trial
   before a jury, is in the discretion of the court.

(Argued April 10, 1893; decided April 18, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made March 17, 1893,
which affirmed an order of Special Term denying an applica-
tion in proceedings for a supersedeas of a commission *de
lunatico inquirendo,* that the issue as to the petitioner's sanity
be tried and determined by a jury at Circuit.

The facts, so far as material, are stated in the opinion.

*Abram Kling* for appellant. The appellant had the right
to have the question of his sanity determined by a court upon
common-law proof, so that he might examine the witnesses and
determine the truthfulness of their story, upon which depends
his liberty and property. (Code Civ. Pro. §§ 2327, 2330,
2333, 2344; *In re Hanks,* 3 Johns. Ch. 567; *In re Sombre,* .
1 Phillips, 437.) The petitioner had a legal right to have the
issues as to his insanity tried upon common-law proof. (*In re
Eldridge,* 82 N. Y. 161; Code Civ. Pro. § 2343.) The court
at General Term erred when it refused to grant the petitioner
relief, on the ground that he had escaped from the custody of
his committee and left the city of New York. (*McQuigon*
v. *D. L. R. R. Co.,* 129 N. Y. 50.)

*Lorenzo Semple* for respondent. The disposition of this
matter rested in the sound discretion of the court, and in
dismissing the proceedings, the court exercised this discretion

wisely. (Code Civ. Pro. § 2343; *In re Burr*, 2 Barb. Ch. 210; 17 Barb. 9, 14; Ordronaux on Insanity, 258; *In re Beckwith*, 3 Hun, 443, 448; *In re Hanks*, 3 Johns. Ch. 568.

EARL, J. In June, 1890, a proceeding *de lunatico inquirendo* was instituted against James Blewitt by his wife, and in that proceeding he was adjudged a lunatic, and his wife was appointed the committee of his person and estate. Thereafter he made a motion at a Special Term to vacate and set aside the proceedings in lunacy and the appointment of the committee on the ground that he had had no notice of the proceedings, and that they were otherwise irregular. Upon that motion the court made an order refusing to vacate the proceedings, but permitting him to traverse the allegations contained in the original petition, and it directed the trial of the issue as to his sanity before the commissioners appointed and a jury. From that order he appealed to the General Term and from affirmance there to this court, and here the order was affirmed (131 N. Y. 541).

While we held that the lunacy proceedings were irregular, because no notice had been served upon Blewitt, yet we upheld the order which refused to vacate them for the reason that it gave him full opportunity to litigate the question of his sanity before a competent tribunal in the manner prescribed. It is not now questioned that the original lunacy proceedings were valid, and that the committee was regularly and legally appointed.

Blewitt now presents his petition supported by affidavits claiming that he is no longer insane and praying for a *supersedeas* of the commission, and that the issue as to his sanity be determined by a jury at a Circuit Court. The motion based upon the petition was opposed upon the affidavit of Mrs. Blewitt, and was denied by the court, and we are now to determine whether any legal error was committed in such denial.

Upon this application for a *supersedeas* the counsel for the petitioner seems to be of the opinion that his client has

the right to have the question of his sanity submitted to a jury, and to have it determined in that way. There is no provision of any statute entitling the lunatic to such a trial. Section 2343 of the Code provides that where the alleged lunatic becomes competent to manage himself and his affairs, the court must make an order terminating the committee of his person and property. When an application is made for a *supersedeas* of the commission, the court must exercise its discretion. The presiding judge may cause the lunatic to be brought before him for his personal examination. He may appoint an expert to examine him, and report as to his condition. He may cause the witnesses to be brought before him, and examined in open court, or he may refer the matter to a referee to take the evidence of the witnesses, and make his report thereon; or he may hear the application upon affidavits if· he is satisfied to dispose of it in that way. He may also, in the exercise of his discretion, although we have found no reported case in this country or England where it was done, order the question as to the sanity of the alleged lunatic to be tried before a jury. But the manner in which he will ascertain whether the alleged lunatic has become sane and competent to take care of himself and his property, rests in his discretion. (*In re Hanks*, 3 Johns. Ch. 568; *In re Weis*, 16 N. J. Eq. R. 318.) The discretion should be exercised with great care and patience, so as to protect the alleged lunatic against the wrongful deprivation of his liberty and property.

In this case, by the order which came to this court in 131 N. Y. (*supra*), Blewitt had an opportunity to have the question of his lunacy determined before a commission and a jury. But he refused to avail himself of the permission. Subsequently, another opportunity was given to him by an order of the General Term, to have the question of his recovery tried by a jury, and in accordance with that order, a jury was empanelled, and the lunatic and his attorney again declined the opportunity, and, on the contrary, the alleged lunatic withdrew from the state. That commission and jury were kept in

existence from December 8, 1891, to January 16, 1892, at great expense to the lunatic's estate, and were finally discharged and dissolved because the lunatic failed to appear. An appeal was taken from the order of discharge to the General Term, where it was affirmed. Upon that application an allowance was made to the petitioner's counsel of $250, to defray the expenses, and now, without any change so far as can be ascertained from the affidavits, the petitioner has made a third application for a *supersedeas*, upon substantially the same affidavits, again asking for a hearing before a jury. We think the court, in the exercise of its discretion, could properly, and did properly, deny the application. The petitioner has had abundant opportunity to have his case submitted to a jury, but each time he seems to have neglected to avail himself of it.

There was absolutely no ground for the present application, and the order should be affirmed, without costs to either party.

All concur.

Order affirmed.