In the Matter of JOHN IRELAND, an Incompetent.

EDWARD H. IRELAND, as Committee of the Person and Property of JOHN IRELAND, an Incompetent, Appellant; JOHN IRELAND, Respondent.

Third Department, January 8, 1936.

*Daniel H. Prior*, for the appellant.

*Woollard & Morris* [*William E. Woollard* of counsel], for the respondent.

HEFFERNAN, J. On this appeal we are asked to review an order of the Albany Special Term of this court, discharging appellant as committee of the person and property of respondent, an incompetent person, and also directing appellant to make restoration to respondent of all property in his custody as such committee and to account therefor.

The appellant and respondent are father and son, respectively, living in the father's home. On October 9, 1930, respondent, in proceedings duly instituted for that purpose in the Supreme Court, was adjudged to be incompetent to manage himself and his affairs by reason of lunacy and appellant was appointed committee of his person and property. Thereafter he duly qualified as such committee. Although the record is not entirely clear it seems that respondent was committed for treatment to the Hudson River State Hospital.

In June, 1935, respondent, on his own petition and on the affidavits of two physicians, instituted this proceeding for the removal of his committee and for an accounting. An order was thereupon made by a justice of the Supreme Court, directing appellant to show cause before the court at Special Term why the relief prayed for should not be granted. Upon the return of the order appellant, a layman, appeared without counsel. The learned justice at Special Term deferred his decision and directed respondent's counsel to communicate with the officers of the institution in which respondent had been confined. Such inquiry was made and the superintendent of the hospital stated in writing that respondent " was discharged from this hospital on December 26, 1934, without parole." This letter was not a statement under oath. Upon the papers presented the learned justice at Special Term made the order under review.

The procedure regulating the appointment and discharge of the committee of an incompetent is statutory and is found in articles 81 and 81-A of the Civil Practice Act. Where an application is made for a supersedeas of the commission the court is called upon to exercise its discretion as to the procedure to be followed. A very wide discretion is lodged in the court as to what proofs it may require to satisfy itself of the competency of the applicant. That discretion should be exercised with care, caution and patience so as to protect the alleged incompetent person against the wrongful deprivation of his liberty or his property. We have the power and it is our duty to review the discretion exercised by the Special Term.

To warrant a discharge of the committee there must be clear and satisfactory proof that the incompetent has been restored to mental soundness and the burden of proof is on him to establish that fact. The mere discharge from a hospital where the ward has been com-

mitted is not sufficient to show such restoration of the mental capacity required as to warrant the discharge of the guardianship. One may not be technically insane but nevertheless incompetent to care for and manage one's property. The incompetent person is the ward of the court and it is its duty to protect him and his property.

In the instant case the learned justice at Special Term took no testimony but based his order on the petition, the superintendent's letter and the affidavits of the two physicians. Singularly enough these affidavits are couched in identical language and simply state that each deponent is a physician and an examiner in lunacy and that the deponent " on the 12th day of June, 1935, examined one John Ireland and said Ireland is, in deponent's opinion, fully competent and in a proper mental condition to handle his own property and affairs." There is nothing in the affidavits to indicate upon what the opinions of the doctors were founded. The affidavits fail to detail when the examinations were made and the nature or extent thereof. Neither physician states that he has any knowledge of the history of the respondent. It seems to us that these affidavits wholly fail to detail in a circumstantial manner the grounds upon which the conclusions of the affiants are based. The value which should be attached to the opinion of these physicians can only be determined upon an examination which would disclose the reasons for the opinion. The responsibility for the appointment or the discharge of a committee of an incompetent person rests not upon the opinion of physicians but upon the sound judgment and discretion of the Supreme Court.

Although the record is silent on the subject it was stated by appellant's counsel on the argument and not denied by respondent that appellant has in his possession a sum of money in excess of $7,000 belonging to respondent. The respondent should be protected against the loss of this property and his committee should not be removed unless it clearly appears that he is competent to manage his affairs. It is hardly conceivable, in the absence of some substantial reason, that a father would voice opposition to the restoration to his son of the latter's property. The only interest which should actuate a committee on an application of this character is to have determined upon proper proof whether or not his ward has sufficiently recovered to manage his own affairs. The proof in this record, meagre and unsatisfactory as it is, is not sufficiently persuasive to satisfy us that respondent has the mental capacity to protect his property.

It seems to us that the exercise of a sound judicial discretion requires us to reverse the order appealed from and to remit the

matter to the Special Term to take whatever proof the parties may offer to the end that a proper determination may be made.

The order is, therefore, reversed, without costs, and the matter remitted to the Special Term to proceed in accordance with this opinion.

McNamee and Crapser, JJ., concur; Hill, P. J., and Rhodes, J., dissent.

Order reversed on the facts, without costs, and matter remitted to the Special Term to proceed in accordance with opinion.