In the Matter of the Application of MICHAEL ALTIERI, Petitioner.

Supreme Court, Special Term, Monroe County, November 4, 1946.

*James M. Keating, Chief Attorney, United States Veterans Administration,* for petitioner.

VAN VOORHIS, J. ·The petitioner, having been adjudged an incompetent veteran on May 28, 1932, applies to be adjudged competent. No testimony of any nature has been offered to show that he has regained his mental health, nor are any facts or circumstances expressed in the moving papers indicating that he is compos mentis except the statement that " your petitioner believes himself to be competent and capable of managing his own affairs," and a certificate by the Chief Attorney of the United States Veterans' Administration that this man was rated competent by the United States Veterans' Administration based on an examination of him on May 22, 1946. Unless applications of this kind are to be disposed of accord-

ing to different rules from those laid down for the guidance of the trial courts in *Matter of Ireland* (246 App. Div. 113) this application must be dismissed upon the ground that the supporting papers are insufficient. Not only is there no affidavit or testimony by a layman of acts, conversation or behavior characterized as rational, but there is not even a physician's certificate of competency which was held inadequate in *Matter of Ireland* (*supra*) without further facts to indicate upon what the medical opinion is founded. The following language is quoted from the case cited (pp. 114–115): "To warrant a discharge of the committee there must be clear and satisfactory proof that the incompetent has been restored to mental soundness and the burden of proof is on him to establish that fact. The mere discharge from a hospital where the ward has been committed is not sufficient to show such restoration of the mental capacity required as to warrant the discharge of the guardianship. One may not be technically insane but nevertheless incompetent to care for and manage one's property. The incompetent person is the ward of the court and it is its duty to protect him and his property.

"In the instant case the learned justice at Special Term took no testimony but based his order on the petition, the superintendent's letter and the affidavits of the two physicians. Singularly enough these affidavits are couched in identical language and simply state that each deponent is a physician and an examiner in lunacy and that the deponent 'on the 12th day of June, 1935, examined one John Ireland and said Ireland is, in deponent's opinion, fully competent and in a proper mental condition to handle his own property and affairs.' There is nothing in the affidavits to indicate upon what the opinions of the doctors were founded. The affidavits fail to detail when the examinations were made and the nature or extent thereof. Neither physician states that he has any knowledge of the history of the respondent. It seems to us that these affidavits wholly fail to detail in a circumstantial manner the grounds upon which the conclusions of the affiants are based. The value which should be attached to the opinion of these physicians can only be determined upon an examination which would disclose the reasons for the opinion. The responsibility for the appointment or the discharge of a committee of an incompetent person rests not upon the opinion of physicians but upon the sound judgment and discretion of the Supreme Court." The certificate of the Chief Attorney for the Veterans' Administration can hardly be a substitute for this. Section 1384-p of

the Civil Practice Act contained in article 81-A relating to incompetent veterans does not aid the petitioner. This section provides for the discharge of the committee or guardian after the incompetent " shall be declared competent by the bureau and the court * * *." It does not say that this shall be done after he shall have been declared competent by the Veterans' Administration alone, nor that the court has no function in the matter except to follow blindly the dictates of this bureau. Neither does section 1384-f apply. It relates to the appointment not to the discharge of a guardian for a veteran. That section makes a certificate of the bureau prima facie evidence of incompetency which the ward, if he is really competent, is given opportunity to rebut when the application for the appointment of a guardian is returnable before the court. The reason on account of which the Civil Practice Act does not authorize this procedure in event of the discharge of a guardian or committee is clear. In a case where the ward is actually incompetent, he would be incapable (as well as probably unwilling) to appear in court to refute a certification that he had been rated competent if such a certificate were to be accorded prima facie force to establish competency. One need not inquire further for the reason on account of which no such statute has been included in the Civil Practice Act among the procedure relative to incompetent veterans.

The petition is dismissed with leave to renew upon proper affidavits or the submission of adequate testimony in support thereof.