Per Curiam.

For years respondent, who is the alleged incompetent, has not been confined in any institution. He claims that he is living a normal life at a hotel as an orderly member of society and that he is conducting himself in the manner of a competent person. However, in a proceeding for the discharge of the committee of an incompetent, the burden is upon the incompetent to satisfy the court that he has been restored to mental soundness and that he is able to take care of himself and.his affairs. (Matter of Ireland, 246 App. Div. 113, 114; Matter of Newcomb, 58 App. Div. 338, 340.) From the record it appears that there is a sharp conflict in opinion between the physicians of the committee on the one hand and the physicians of respondent on the other as to his competency and as to his ability to manage his affairs.
Though the manner of ascertaining the competency of respondent rests largely in the court’s discretion (Matter of Blewitt, 138 N. Y. 148, 150; Matter of Curtiss, 199 N. Y. 36, 40), in the circumstances here the court should have required the witnesses, including respondent, to give testimony in open court, with the right of cross-examination afforded. In view of the modest means of respondent, this should be accomplished with a minimum of expense. We think, too, that the fee of the physician approved by the court should be reduced to $150.
The order should be reversed, without costs, and the matter" remitted to the Special Term for procedure in accordance with this opinion.
Glennon, Dore, Cohn and Peck, JJ., concur; Martin, P. J., concurs in result.
Order unanimously reversed, without costs and the matter remitted to Special Term for procedure in accordance with opinion. Settle order on notice.