(May 4, 1948.)

AGNES COSTELLO, as Administratrix of the Estate of SYLVESTER COSTELLO, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

In the Matter of ANTHONY V. SCOTTI, an Incompetent Person, Respondent. HELEN SCOTTI, as Committee of the Person and Property of ANTHONY V. SCOTTI, an Incompetent Person, Appellant.— The order appealed from should be modified by directing the Special Term to take evidence with respect to the mental health of the alleged incompetent on which to base the discharge of his committee, who is objecting to such an order. She should be given the opportunity of cross-examining the medical experts for the petitioner and be afforded an opportunity to have an examination of him by her own physician, who should have access to the medical history on file at the Rockland State Hospital. The issue, of course, is whether he is capable of conducting the ordinary affairs of business and of life. It may be noted that she is committee of his person as well as of his property. (*Matter of Gibson*, 272 App. Div. 107; *Matter of Ireland*, 246 App. Div. 113.) As so modified the order is affirmed, without costs. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.; Cohn, J., dissents and votes to affirm. Settle order on notice.

G. G. WOOL STOCK CO., INC., Respondent, v. BERNHARD ULMANN CO., INC., Appellant.— Order unanimously modified so as to provide that the examination of the defendant shall be by its president or such other officer or employee having knowledge of the facts as the said defendant may designate upon settlement of the order, and as so modified affirmed, with $20 costs and disbursements to the respondent. The examination to proceed on a date to be fixed in the order. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.

RUDOLPH ISAACSON, Appellant, v. KEN DRUG CORP., Respondent.— To preserve the status until a trial of the action, a temporary injunction should be granted. The question as to whether the relationship of landlord and tenant existed at the time the agreement was entered into should await the trial. Order reversed, with $20 costs and disbursements to appellant, and motion for an injunction *pendente lite* granted on condition that the case be tried in the May, 1948, Term or early in the June, 1948, Term. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.; Peck, P. J., dissents and votes to affirm upon the ground that the agreement is not a lease and is subject to termination by either party at will. Settle order on notice.

FANNY RUBIN, Respondent, v. IRVING G. RUBIN, Appellant.— Order, so far as appealed from, unanimously reversed, without costs; plaintiff is allowed temporary alimony of $85 a week and counsel fee of $400 and the parties are directed to proceed without delay to final determination of the issues remaining in the action. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.