Matthew M. Levy, J.
The petitioner, an incompetent veteran, has applied for an order adjudging that he is now competent to manage himself, his property and his affairs, discharging Ms committee, providing for the restoration of his property, and for related relief.
- The moving papers consist of four affidavits — one by the incompetent, one by his brother (the committee), one by their *611 attorney and one by a physician. These affidavits show that, in July, 1952, the petitioner was duly adjudged to be incompetent to manage himself and his affairs by reason of mental illness; that, in February, 1956, he was admitted to Manhattan State Hospital as a transfer from Kings Park State Hospital; that, in December, 1957, he was released on convalescent care; and that, in May, 1959, he was discharged therefrom. Insofar as is material, all else that is stated by the petitioner is that, “ as appears more fully by the affidavit [of the physician] your petitioner has now become mentally competent to manage himself, his property and his affairs.” The committee makes the same statement and adds that he “knows of no reason why the relief sought by the petitioner herein should not be granted ’ ’. The attorney repeats the first statement and adds that he “ knows of no objection to the granting of the relief”. The doctor states that he is a duly licensed physician and that he examined the petitioner *1 on August 20, 1959, at the Convalescent Care office of Manhattan State Hospital, Ward’s Island, New York. I found him to be free of the symptoms of his illness and able to handle his own affairs and manage his money. I am of the opinion that he should be considered competent ”.
The Attorney-General of the State of New York appears on behalf of one of the State hospitals in which the incompetent was a patient and makes no comment, one way or the other, as to the relief requested. The application is opposed by the United States Veterans’ Administration, whose attorney urges that the proof submitted by the petitioner is inadequate.
Section 1382 of the Civil Practice Act provides that when an adjudged incompetent 1 ‘ becomes competent to manage himself or his affairs, the court must make an order discharging the committee of his property, or the committee of his person, or both, as the case requires, and requiring the former committee to restore to him the property remaining in the committee’s hands ”. However, no mention is made as to the procedures to be followed in declaring such a person competent. “ The proceeding is accordingly under the common law and is in the nature of supersedeas ” (Matter of Barnes, 185 Misc. 215, 220). If a guardian was appointed pursuant to article 81-A of the Civil Practice Act, the guardian could be removed only if the veterans’ bureau, as well as the court, determines that the petitioner is now competent. (Civ. Prac. Act, § 1384-p; Matter of Altieri, 187 Misc. 958.) But this article applies only to benefits received from the bureau. As to other property, the discharge of the *612 committee of the incompetent is governed by article 81. That does not mean that the point of view expressed by the Veterans’ Administration on the general issue of competency is not entitled to great weight.
The court has a wide discretion in the selection and utilization of the judicial mechanics deemed appropriate to the resolution of the issue of the competency of the petitioner. The court may pursue any or more of several methods as an aid in arriving at its decision: It may have the incompetent brought before it for personal observation and examination; it may appoint an expert to examine the petitioner and report as to his condition; it may have witnesses brought before it and examine them in open court, or it may refer the matter to a Referee to take evidence of the witnesses and make a report to the court; it may order the question to be tried by a jury; it may dispose of the application on affidavits (Matter of Blewitt, 138 N. Y. 148). But, before the court should be called upon to invoke any of these procedures, there must, I think, be clear and satisfactory proof, at least prima facie, that the incompetent has been restored to mental soundness, and the burden of proof in that respect is upon him (Matter of Gibson, 272 App. Div. 107). Care and caution must be exercised by the court in a proceeding such as this, both from the point of view of the protection of the incompetent and the community.
In the case at bar, there is nothing whatsoever presented to show that the petitioner has truly recovered or that he has made a personal, economic or social adjustment. The release from a State institution, and even the discharge from convalescent care, does not suffice, for “ [o]ne may not be technically insane but nevertheless incompetent to care for and manage [one’s self and] one’s property” (Matter of Ireland, 246 App. Div. 113, 115). The general conclusory statement of a physician that he had examined petitioner and found him to be free of the symptoms of his illness and able to handle his own affairs is insufficient. There is nothing to indicate that the physician— upon whose statement all the deponents lean — specializes in the treatment and care of persons with mental illnesses, and he does not state the facts upon which his expressed opinion is founded (Matter of Chason [Gilberg], 162 Misc. 539, 543-544; Matter of Altieri, 187 Misc. 958, 959, supra).
Since the incompetent is a ward of the court and since it is the duty of the court to protect him and his property, I shall require further preliminary demonstration on the part of the petitioner that he is in fact competent to manage himself and *613 liis affairs, before I shall adopt any of the procedures I have outlined. A contrary holding would result in imposing unnecessary expense upon the incompetent’s estate in the matter of holding hearings to determine the issue. Accordingly, the motion is denied, without prejudice to renewal upon adequate affidavits. An order has been signed and entered to that effect.